UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERENA MITCHELL,

    Plaintiff,

v.

BRYON McCOMBS and FEDEX
GROUND PACKAGE SYSTEM, INC.,

    Defendants.

Case No. 23-12484
Honorable Laurie J. Michelson

---

**ORDER ON
DEFENDANTS' MOTIONS TO PRECLUDE EXPERT TESTIMONY [35],
FOR SUMMARY JUDGMENT [36, 37], AND FOR LEAVE TO FILE
SECOND SUMMARY JUDGMENT MOTION [48],
AND PLAINTIFF'S MOTION TO EXTEND SCHEDULING ORDER
DEADLINES FOR EXPERT DISCLOSURES [50]**

---

Following the parties' unsuccessful settlement conference on August 22, 2025, the Court orally ruled on the parties' pending pre-trial motions: Defendants' motions to preclude Mitchell's expert testimony (ECF No. 35), for summary judgment (ECF No. 36), for leave to file a second motion for summary judgment (ECF No. 48), and that second motion for summary judgment (ECF No. 47) and Plaintiff's motion to extend the scheduling order deadlines for expert disclosures (ECF No. 50).

For the reasons stated more fully on the record in the Court's oral ruling:

- Defendants' motion to preclude (ECF No. 35) is GRANTED IN PART and DENIED IN PART. The Court GRANTS Defendants' request for reasonable expenses, including attorney's fees, incurred in bringing the motion to preclude and taking the depositions of any of Mitchell's late-

disclosed expert witnesses, and DENIES Defendants' request to preclude Mitchell's expert testimony. Defendants shall provide Plaintiff's counsel with an invoice of their fees and costs incurred in bringing the motion to preclude, and Plaintiff shall pay that invoice within 30 days of receipt. If Defendants elect to depose any of Mitchell's late-disclosed expert witnesses, within 10 days of those depositions defense counsel shall provide Plaintiff's counsel with invoices of their fees and costs incurred in taking those depositions, and Plaintiff shall make those payments within 10 days of receiving those invoices.

- Plaintiff's motion to extend her expert disclosure deadline and Defendants' associated expert discovery deadlines (ECF No. 50) is GRANTED. The Court accordingly extends Mitchell's expert disclosure deadline to February 3, 2025, and extends Defendants' time, if so desired, to designate any rebuttal expert witnesses and depose Mitchell's late-disclosed expert witnesses. The parties shall meet and confer and submit a proposed scheduling order with deadlines for the completion of any additional expert discovery. The Court will then aim to schedule a final pretrial conference approximately 21–30 days after the completion of expert discovery.

- Defendants' motion for summary judgment (ECF No. 36) is DENIED.

- Defendants' motion for leave to file a second summary judgment on the application of no-fault fee schedules (ECF No. 48) is DENIED.

- Defendants' second motion for summary judgment on the application of those fee schedules (ECF No. 47) is DENIED WITHOUT PREJUDICE. This issue will be revisited after the Michigan Supreme Court decides whether to grant leave in the case of *Canty v. Mason*.

SO ORDERED.

Dated: August 22, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE